# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 00092 | DATE | June 20, 2007 |
| CASE TITLE | Leo Stoller v. Google Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, this Court will issue a ruling on the instant appeal upon the conclusion of Stoller's bankruptcy proceedings in 05 BK 64075. Further, in the interest of judicial economy and to deter the numerous seemingly frivolous filings from Stoller, will order that Stoller is enjoined from filing appeals from bankruptcy proceeding 05 BK 64075 until the conclusion of those proceedings.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On December 20, 2005, Appellant Leo D. Stoller ("Stoller") filed a voluntary petition for relief, styled *In re Stoller*, 05 BK 64075, under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. In the instant matter, Stoller appeals three orders issued by the Bankruptcy Court: an order denying a motion to dismiss, another order denying a motion to stay, and an order denying a motion for leave to object to the claims. This is the fourth appeal filed by Mr. Stoller since the onset of his pending bankruptcy. In particular, on September 1, 2006, the Bankruptcy Court entered an Order converting Stoller's Chapter 13 petition to a Chapter 7 Bankruptcy case. Stoller appealed this conversion order with the district court which was assigned case number 06 C 6100. On November 14, 2006, Stoller filed a second notice of appeal with the district court with respect to an October 31, 2006 issued by the Bankruptcy Court in 05 BK 64075. This appeal was assigned case number 06 C 6950. Lastly, on December 14, 2006, Stoller filed a notice of appeal from a series of orders issued by the bankruptcy court in 05 BK 64075. On March 8, 2007 the Executive Committee entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Moreover, this Court notes that Stoller has been a party or participant in various lawsuits in this district and "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Google, Inc. v. Cent. Mfg.*, 2007 U.S. Dist. LEXIS 17799 (D. Ill. 2007); *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005)(citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005)(Coar, J.)("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998)(Castillo, J.)(Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)(Shadur, J.)(Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

| | Courtroom Deputy Initials: | jhc |
|---|---|---|

## STATEMENT

As this Court has noted, it has no less than four appeals before it from Stoller's bankruptcy proceedings in 05 BA 64075. In addition, upon review of the instant appeal and the appeal in 06-6950, this Court notes Stoller's penchant for improperly filing appeals of several different orders in one appeal. It is obvious to this Court that Stoller considers any action that he disagrees with in this bankruptcy court as a cue to file another appeal.

Rule 11 provides that by: presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief. *Fed.R.Civ.P. 11(b)*. Courts may sanction parties who violate this rule. *Id*. Pro se litigants are not exempted from Rule 11 and "[f]rivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). Pro se status does not give Stoller "an unfettered license to wage an endless campaign of harassment . . . or to abuse the judicial process." *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987). Accordingly, sanctions may be imposed on pro se litigants if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vitug v. Multistate Tax Com'n*, 883 F. Supp. 215, 218-19 (N.D. Ill. 1995).

In this case, Stoller's incessant filings suggest that he will continue to file appeals upon a whim. Further, as Stoller files these persistent appeals he fails to follow the bankruptcy rules for appellate procedure. It appears to this court that Stoller files these appeals in an attempt to cause delay in his bankruptcy proceedings and is engaging in piecemeal litigation that deters judicial efficiency. Indeed, the Executive Committee has already entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Without addressing the merits of Stoller's current appeal, this Court, in the interest of judicial economy and to deter the numerous filings from Stoller, will order that Stoller is enjoined from filing an appeal from bankruptcy proceeding 05 BK 64075 until the conclusion of said proceeding.