IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

LEO STOLLER,

Debtor.

Case No: 07-CV-92

Hon. William J. Hibbler

Appeal from
Case No. 05 B 64075
Hon. Jack B. Schmetterer

## MOTION FOR RECONSIDERATION

NOW COMES Leo Stoller and moves for reconsideration of Judge Hibbler's decision dated June 20, 2007, and states as follows:

This Court has issued an order enjoining Stoller from filing any appeals from Bankruptcy Court Case No: 05 B 64075 until the conclusion of these proceedings. Stoller respectfully asserts that such a decision before this Court has even heard one of Stoller's appeals before this date, not only violates Stoller's constitutional rights of due process and equal protection, but also is a violation of Stoller's civil rights.

The Court takes umbrage with the fact that Stoller has filed numerous appeals. And although the Court in a decision in Case No. 06 C 6950 dated June 20, 2007, the Court goes to great lengths to illustrate what types of issues can be appealed in a bankruptcy context and the reasons why debtors should be allowed to file interlocutory appeals during the pendency of ongoing bankruptcy proceedings. This Court stated " ... in the bankruptcy context, final orders include those that: (1) 'ultimately determine a creditor's position in the bankruptcy proceedings,' *In re Forty-Eight Insulations* at 1299; (2) "resolve[] all contested issues on the merits and leave[] only the distribution of the estate assets to be completed,' *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993); or (3) 'terminate[] what, but for the bankruptcy, would be a stand-alone suit by or against the trustee,' *In re Szekely*, 936 F.2d 897, 899-900 (7th Cir. 1991). Among others, the Seventh Circuit deems final 'orders allowing or denying claims;

orders denying relief from a stay; decisions involving property ownership; exceptions; sanctions; appointments of trustees; judicial sales orders; and confirmation[s] of bankruptcy plans[s].' *In re Wade*, 991 F.2d at 406.

This Court has already found that two of Judge Schmetterer's orders involve ..." discrete issues, seriously affecting the appellant's substantive rights, and may cause him irreparable harm." This Court has acknowledged that the Debtor may suffer irreparable harm in at least two decisions. Stoller respectfully asserts that in all of Stoller's appeals he will suffer irreparable harm, and that for this Court to deny Stoller a right to appeal when Stoller may suffer irreparable harm by not appealing, clearly violates Stoller's rights of due process and equal protection.

In addition, Stoller has filed an appeal in this case of Judge Schmetterer's denial of Stoller's request for a preliminary injunction to stop the sale by the Trustee of all of Stoller's properties pending the resolution of Stoller's appeals.

Stoller requests that this Court issue an order staying the Trustee from selling any of Stoller's property, assets, trademarks, etc. which "seriously affect the appellant's substantive rights and may cause him irreparable harm."

Stoller further requests that this Court rescind its decision dated June 20, 2007 enjoining Stoller from filing appeals from bankruptcy court Case No. 05 B 64075 until the conclusion of these proceedings which is clearly prejudicial to Stoller, and will cause him irreparable harm.

Lastly, this Court has provided no clear findings that there are any valid grounds to find Stoller's current appeals as frivolous. This Court merely is basing its decision to sanction Leo Stoller on conjecture that Stoller is filing frivolous appeals. There is no evidence in the record to support the Court's conclusion.

WHEREFORE, Stoller prays that this Court reconsider is decision dated June 20, 2007 and permit Stoller to file appeals. Secondly, Stoller prays that this Court issue an order staying the Trustee Richard M. Fogel from selling any of Stoller's assets, trademarks, corporations, etc. pending Stoller's appeals. Thirdly, Stoller prays that this Court issue an

order suspending Stoller's bankruptcy proceeding pending the resolution of Stoller's current appeals.

                                  Respectfully submitted,

                                  */s/ Leo Stoller*
                                  Leo Stoller, *pro se*
                                  7115 W. North Avenue
                                  Oak Park, Illinois 60302
                                  (312) 545-4554
                                  Email: ldms4@hotmail.com

Date: June 28, 2007

Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 00092 | DATE | June 20, 2007 |
| CASE TITLE | | Leo Stoller v. Google Inc. | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, this Court will issue a ruling on the instant appeal upon the conclusion of Stoller's bankruptcy proceedings in 05 BK 64075. Further, in the interest of judicial economy and to deter the numerous seemingly frivolous filings from Stoller, will order that Stoller is enjoined from filing appeals from bankruptcy proceeding 05 BK 64075 until the conclusion of those proceedings.

■[ For further details see text below.]   /s/ Wm. J. Hibbler   Docketing to mail

## STATEMENT

On December 20, 2005, Appellant Leo D. Stoller ("Stoller") filed a voluntary petition for relief, styled *In re Stoller*, 05 BK 64075, under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. In the instant matter, Stoller appeals three orders issued by the Bankruptcy Court: an order denying a motion to dismiss, another order denying a motion to stay, and an order denying a motion for leave to object to the claims. This is the fourth appeal filed by Mr. Stoller since the onset of his pending bankruptcy. In particular, on September 1, 2006, the Bankruptcy Court entered an Order converting Stoller's Chapter 13 petition to a Chapter 7 Bankruptcy case. Stoller appealed this conversion order with the district court which was assigned case number 06 C 6100. On November 14, 2006, Stoller filed a second notice of appeal with the district court with respect to an October 31, 2006 issued by the Bankruptcy Court in 05 BK 64075. This appeal was assigned case number 06 C 6950. Lastly, on December 14, 2006, Stoller filed a notice of appeal from a series of orders issued by the bankruptcy court in 05 BK 64075. On March 8, 2007 the Executive Committee entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Moreover, this Court notes that Stoller has been a party or participant in various lawsuits in this district and "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Google, Inc. v. Cent. Mfg.*, 2007 U.S. Dist. LEXIS 17799 (D. Ill. 2007); *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005)(citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005)(Coar, J.)("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998)(Castillo, J.)(Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)(Shadur, J.)(Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

| | Courtroom Deputy Initials: | jhc |
|---|---|---|

Page 1 of 2

## STATEMENT

As this Court has noted, it has no less than four appeals before it from Stoller's bankruptcy proceedings in 05 BA 64075. In addition, upon review of the instant appeal and the appeal in 06-6950, this Court notes Stoller's penchant for improperly filing appeals of several different orders in one appeal. It is obvious to this Court that Stoller considers any action that he disagrees with in this bankruptcy court as a cue to file another appeal.

Rule 11 provides that by: presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, – (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief. *Fed.R.Civ.P. 11(b)*. Courts may sanction parties who violate this rule. *Id*. Pro se litigants are not exempted from Rule 11 and "[f]rivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). Pro se status does not give Stoller "an unfettered license to wage an endless campaign of harassment . . . or to abuse the judicial process." *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987). Accordingly, sanctions may be imposed on pro se litigants if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vitug v. Multistate Tax Com'n*, 883 F. Supp. 215, 218-19 (N.D. Ill. 1995).

In this case, Stoller's incessant filings suggest that he will continue to file appeals upon a whim. Further, as Stoller files these persistent appeals he fails to follow the bankruptcy rules for appellate procedure. It appears to this court that Stoller files these appeals in an attempt to cause delay in his bankruptcy proceedings and is engaging in piecemeal litigation that deters judicial efficiency. Indeed, the Executive Committee has already entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Without addressing the merits of Stoller's current appeal, this Court, in the interest of judicial economy and to deter the numerous filings from Stoller, will order that Stoller is enjoined from filing an appeal from bankruptcy proceeding 05 BK 64075 until the conclusion of said proceeding.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re:<br><br>LEO STOLLER,<br><br>              Debtor. | ) ) ) ) ) ) ) ) ) ) | Case No: 07-CV-92<br><br>Hon. William J. Hibbler<br><br>Appeal from<br>Case No. 05 B 64075<br>Hon. Jack B. Schmetterer |

## ORDER

This matter coming before the Court on Debtor's Motion For Reconsideration.

The Court being fully advised in the premises, it is hereby ordered:

    1.    That Stoller is permitted to continue to file appeals in Bankruptcy proceeding Case No. 05 B 64075.

    2.    That the Trustee Richard M. Fogel is enjoined from selling any of Debtor Leo Stoller's property, assets, trademarks, corporations, etc. during the pendency of Stoller's appeals.

    3.    The Court suspends bankruptcy proceeding Case No. 05 B 64075 pending the appeals of Stoller.

The Debtor's motion is GRANTED/DENIED.

ENTER: _____
                                  Judge