Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 00092 | **DATE** | July 9, 2007 |
| **CASE TITLE** | Leo Stoller vs. Google, Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, Debtor/Appellee's Motion to Reconsider (doc. #10) is DENIED. Additionally, Stoller has failed to seek leave from the Executive Committee prior to the filing of his current appeals as ordered in that Committee's March 8, 2007 Order. This Court orders that Stoller act in accordance with the Executive Committee's Order forthwith or he may be subject to appropriate sanctions.

■ [ For further details see text below.]   /s/ Wm. J. Hibbler   Notices distributed in open court

### STATEMENT

This matter is before the court on Debtor/Appellee Leo Stoller's ("Stoller") motion to reconsider this Court's ruling on June 20, 2007 in case number 07 C 00092 enjoining Stoller from filing appeals in his underlying bankruptcy proceeding, 05 BK 64075, until the conclusion of said bankruptcy proceeding. In its June 20, 2007 ruling, this Court set forth that due to Stoller's incessant filing of appeals from the bankruptcy proceedings, his failure to follow procedural rules in the filing of his appeals, and judicial economy, Stoller would be enjoined from filing any new appeals. For the reasons explained below, this Court now denies the motion for reconsideration.

Stoller's argues that this Court's action is in violation of his due process rights and are prejudicial to his bankruptcy proceedings. Further, Stoller contends that this Court has not set forth any clear findings that his filed actions are frivolous. First, 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. *Fed. R. Civ. P. 59(e)*. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267(quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

Courtroom Deputy Initials:

## STATEMENT

The Court notes that at this juncture, this Court has not determined that all of Stoller's actions are frivolous and without merit. Upon review of the numerous appeals filed to date; however, this Court's review does reveal that Stoller's has a penchant from following the procedural guidelines for bankruptcy appeals and that Stoller incessantly files appeals whenever he disagrees with the bankruptcy court's filings. In its order, this Court took the effort to forewarn Stoller of the consequences if this Court did find that his actions were in fact in violation of Fed. Rule Civ. Pro. 11. With respect to the instant filing and the appeal set forth by Stoller, this Court has considered the materials presented to the Court by all parties. Upon review, this Court has found no manifest error of law or fact. Nor, has Stoller presented any new evidence that warrants reconsideration. Stoller cites no legal authority in support of his position that this Court's ruling will cause him irreparable harm or is clearly prejudicial. Stoller's motion for reconsideration is an attempt to expand or rehash earlier arguments considered previously. Therefore, this Court denies Stoller's motion for reconsideration.

Additionally, the Court notes that on March 8, 2007 the Executive Committee entered an Order enjoining Stoller from filing any civil action or proceeding without first obtaining leave from the Committee. Subsequent to the Executive Committee's Order Stoller has continued to file several appeals from 05 B 64075 without obtaining leave, which this Court determines is in contravention of the Committee's Order. Indeed, Stoller has filed several appeals after notice of that Order: appeal 07 C 2223 filed April 23, 2207; appeal 07 C 3322 filed June 13, 2007; appeal 07 C 3347 filed June 14, 2007; appeal 07 C 3637 filed June 28, 2007. As set forth in the Executive Committee's Order Stoller is precluded from filing any action or proceeding without leave from the Executive Committee. Stoller has failed to seek leave from the Executive Committee prior to the filing of his current appeals. Accordingly, this Court will forward these appeals to the Executive Committee. This Court orders that Stoller act in accordance with the Executive Committee's Order forthwith or he may be subject to appropriate sanctions.