IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JH  JUL 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In Re:

LEO STOLLER,

          Appellant.

)
)
)
)
)
)
)
)
)
)
)

Case No: 1:07-CV-00092

Hon. William J. Hibbler

Bankruptcy Appeal from
Case No. 05 B 64075
Hon. Jack B. Schmetterer

Orders dated June 20, 2007
  and July 9, 2007

### NOTICE OF FILING

TO:  Timothy C. Meece
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Richard M. Fogel, Trustee
Shaw, Gussis, et. al.
321 N. Clark Street, #800
Chicago, Illinois 60610

    PLEASE TAKE NOTICE that on the **10th day of July, 2007**, there was filed with the Clerk of the United States District Court for the Northern District, Eastern Division, **1) Notice of Appeal; 2) Docketing Statement**, and **Designation of Content of Record on Appeal**, copies of which are attached hereto.

    I certify that I served this Notice mailing a copy to each person to whom it is directed at the address above indicated by depositing it in the U.S. Mail on this _____ day of July, 2007, with proper postage prepaid.

                                  Leo Stoller, *pro se*
                                  7115 W. North Avenue
                                  Oak Park, Illinois 60302
                                  (312) 545-4554
                                  Email: ldms4@hotmail.com

Date: July 10, 2007

C:\MARKS44\0792-2.NOF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

JH JUL 1 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In Re:

LEO STOLLER,

    Appellant.

Case No: 1:07-CV-00092

Hon. William J. Hibbler

Bankruptcy Appeal from
Case No. 05 B 64075
Hon. Jack B. Schmetterer

Orders dated June 20, 2007
and July 9, 2007

## NOTICE OF APPEAL OF ORDERS DATED JUNE 20, 2007 AND JULY 9, 2007 ISSUED BY JUDGE WILLIAM J. HIBBLER

NOW COMES Leo Stoller and files its Notice of Appeal of orders issued by the Honorable William J. Hibbler dated June 20, 2007 enjoining Appellant from filing an appeal from bankruptcy proceeding 05 BK 64075 until the conclusion of said proceeding; and an order dated July 9, 2007, denying Appellant's motion for reconsideration of the June 20, 2007 decision.

### This Court Has Jurisdiction Over This Interlocutory Appeal

The general rule is that a court of appeals has jurisdiction over a bankruptcy appeal only if the bankruptcy court's original order and the district court's order reviewing the bankruptcy court's original order are both final. 28 U.S.C. sec. 158(d); *In re Devlieg, Inc.*, 56 F.3d 32, 33 (7th Cir. 1995) (per curiam); *In re Morse Elec. Co.*, 805 F.2d 262, 264 (7th Cir. 1986); 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Rules and Procedure* sec. 3926.2, at 273 (2d ed. 1996). In the bankruptcy context, however, finality does not require a final order concluding the entire bankruptcy proceeding; certain orders entered prior to the conclusion of the bankruptcy proceeding will be deemed final. *In re Forty-Eight Insulations, Inc.*, 115F.3d 1294, 1298-99 (9th Cir. 1977); In re *Official Committee of Unsecured Creditors of White Farm Equip. Co.*, 943 F.2d 752, 754-755 (7th Cir. 1991). Where an order terminates a discrete dispute that, but for the bankruptcy, would be a stand-alone suit by or against the trustee, the order will be considered final and appealable. *In re*

*Szekely,* 936 F.2d 897, 899-900 (7th Cir. 1991); [*9] Wright, Miller & Cooper, *supra,* sec. 3926.2 at 272-73.

Judge Hibbler's decisions qualify as a stand-alone suit. These orders should be considered final and appealable.

This court has granted the Appellant leave to appeal *in forma* pauperis. See attached.

*/s/ Leo Stoller*
Leo Stoller, *pro se*
7115 W. North Avenue
Oak Park, Illinois 60302
(312) 545-4554
Email: ldms4@hotmail.com

Date: July 10, 2007


## DECLARATION

The undersigned, Leo Stoller, declares that he is authorized to execute this document on its behalf, that all statements made of his own knowledge are true and all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

By: */s/ Leo Stoller*
Leo Stoller

2

## Certificate of Mailing

I hereby certify that the foregoing is being sent with the U.S. Postal Service by First Class Mail in an enveloped addressed to:

Clerk of the Court
United States District Court
 for the Northern District
219 South Dearborn
Chicago, IL  60607

_____
Leo Stoller
Date:  July 10, 2007


## Certificate of Service

I hereby certify that the foreging is being deposited with the U.S. Postal Service as First Class mail in an envelope addressed to:

Timothy C. Meece
Banner & Witcoff, Ltd.
10 South Wacker Drive, Suite 3000
Chicago Illinois  60606

Richard M. Fogel, Trustee
Shaw, Gussis, Fishman, Glantz,
 Wolfson & Towbin LLC.
321 N. Clark Street, Suite 800
Chicago, Illinois  60610

_____
Leo Stoller
Date:  7-10-07

C:\MARKS44\0792.APA

# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Honorable JACK B. SCHMETTERER

Date: May 9, 2007

Bankruptcy Case No. **05 B 64075**

Adversary No. _____

Title of Case: **In re: Leo Stoller**

Brief Statement of Motion: **Debtor's Motion for Leave to Appeal in Forma Pauperis**

Names and Addresses of moving counsel:

Representing:

Names and Addresses of other counsel entitled to notice and names of parties they represent: **See Attached Service Certificate**

## ORDER

**Pursuant to standards stated on the record in open court, movant Leo Stoller's Motion for Leave to Appeal in Forma Pauperis is granted.**

ENTER:

ENTERED
MAY - 9 2007
JACK B. SCHMETTERER
UNITED STATES BANKRUPTCY JUDGE

United States Bankruptcy Judge

Hand this memorandum to the Courtroom Deputy.
Counsel will not rise to address the Court until motion has been called.

Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 00092 | DATE | June 20, 2007 |
| CASE TITLE | Leo Stoller v. Google Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, this Court will issue a ruling on the instant appeal upon the conclusion of Stoller's bankruptcy proceedings in 05 BK 64075. Further, in the interest of judicial economy and to deter the numerous seemingly frivolous filings from Stoller, will order that Stoller is enjoined from filing appeals from bankruptcy proceeding 05 BK 64075 until the conclusion of those proceedings.

■ [ For further details see text below.]   /s/ Wm. J. Hibbler   Docketing to mail

## STATEMENT

On December 20, 2005, Appellant Leo D. Stoller ("Stoller") filed a voluntary petition for relief, styled *In re Stoller*, 05 BK 64075, under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. In the instant matter, Stoller appeals three orders issued by the Bankruptcy Court: an order denying a motion to dismiss, another order denying a motion to stay, and an order denying a motion for leave to object to the claims. This is the fourth appeal filed by Mr. Stoller since the onset of his pending bankruptcy. In particular, on September 1, 2006, the Bankruptcy Court entered an Order converting Stoller's Chapter 13 petition to a Chapter 7 Bankruptcy case. Stoller appealed this conversion order with the district court which was assigned case number 06 C 6100. On November 14, 2006, Stoller filed a second notice of appeal with the district court with respect to an October 31, 2006 issued by the Bankruptcy Court in 05 BK 64075. This appeal was assigned case number 06 C 6950. Lastly, on December 14, 2006, Stoller filed a notice of appeal from a series of orders issued by the bankruptcy court in 05 BK 64075. On March 8, 2007 the Executive Committee entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Moreover, this Court notes that Stoller has been a party or participant in various lawsuits in this district and "has earned a reputation for initiating spurious and vexatious federal litigation" and has demonstrated "an appalling lack of regard for [courts in this district] and a lack of respect for the judicial process." *Google, Inc. v. Cent. Mfg.*, 2007 U.S. Dist. LEXIS 17799 (D. Ill. 2007); *Central Mfg. Co. v. Pure Fishing, Inc.*, No. 05 C 725, 2005 U.S. Dist. LEXIS 28280, *2-4, 17-18 (N.D. Ill. Nov. 16, 2005)(citing *Central Mfg. Co. et al. v. Brett*, No. 04 C 3049, 2005 U.S. Dist. LEXIS 23379, *2 (N.D. Ill. Sept. 30, 2005)(Coar, J.)("Stoller appears to be running an industry that produces often spurious, vexatious, and harassing federal litigation."); *S. Indus. Inc. v. Stone Age Equip., Inc.*, 12 F. Supp.2d 796, 798 (N.D. Ill. 1998)(Castillo, J.)(Stoller initiates "litigation lacking in merit and approaching harassment."); *S. Indus. Inc. v. Hobbico, Inc.*, 940 F. Supp. 210, 211 (N.D. Ill. 1996)(Shadur, J.)(Stoller "appears to have entered into a new industry -- that of instituting federal litigation.")).

| | Courtroom Deputy Initials: | jhc |
|---|---|---|

## STATEMENT

As this Court has noted, it has no less than four appeals before it from Stoller's bankruptcy proceedings in 05 BA 64075. In addition, upon review of the instant appeal and the appeal in 06-6950, this Court notes Stoller's penchant for improperly filing appeals of several different orders in one appeal. It is obvious to this Court that Stoller considers any action that he disagrees with in this bankruptcy court as a cue to file another appeal.

Rule 11 provides that by: presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, -- (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief. *Fed.R.Civ.P. 11(b)*. Courts may sanction parties who violate this rule. *Id.* Pro se litigants are not exempted from Rule 11 and "[f]rivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). Pro se status does not give Stoller "an unfettered license to wage an endless campaign of harassment . . . or to abuse the judicial process." *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987). Accordingly, sanctions may be imposed on pro se litigants if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vitug v. Multistate Tax Com'n*, 883 F. Supp. 215, 218-19 (N.D. Ill. 1995).

In this case, Stoller's incessant filings suggest that he will continue to file appeals upon a whim. Further, as Stoller files these persistent appeals he fails to follow the bankruptcy rules for appellate procedure. It appears to this court that Stoller files these appeals in an attempt to cause delay in his bankruptcy proceedings and is engaging in piecemeal litigation that deters judicial efficiency. Indeed, the Executive Committee has already entered an order enjoining Mr. Stoller from filing any civil action or proceeding without first obtaining leave due to his serial litigation in this district. Without addressing the merits of Stoller's current appeal, this Court, in the interest of judicial economy and to deter the numerous filings from Stoller, will order that Stoller is enjoined from filing an appeal from bankruptcy proceeding 05 BK 64075 until the conclusion of said proceeding.

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 00092 | DATE | July 9, 2007 |
| CASE TITLE | Leo Stoller vs. Google, Inc. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, Debtor/Appellee's Motion to Reconsider (doc. #10) is DENIED. Additionally, Stoller has failed to seek leave from the Executive Committee prior to the filing of his current appeals as ordered in that Committe's March 8, 2007 Order. This Court orders that Stoller act in accordance with the Executive Committee's Order forthwith or he may be subject to appropriate sanctions.

[For further details see text below.]

### STATEMENT

This matter is before the court on Debtor/Appellee Leo Stoller's ("Stoller") motion to reconsider this Court's ruling on June 20, 2007 in case number 07 C 00092 enjoining Stoller from filing appeals in his underlying bankruptcy proceeding, 05 BK 64075, until the conclusion of said bankruptcy proceeding. In its June 20, 2007 ruling, this Court set forth that due to Stoller's incessant filing of appeals from the bankruptcy proceedings, his failure to follow procedural rules in the filing of his appeals, and judicial economy, Stoller would be enjoined from filing any new appeals. For the reasons explained below, this Court now denies the motion for reconsideration.

Stoller's argues that this Court's action is in violation of his due process rights and are prejudicial to his bankruptcy proceedings. Further, Stoller contends that this Court has not set forth any clear findings that his filed actions are frivolous. First, 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. *Fed. R. Civ. P. 59(e)*. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267(quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

| | Courtroom Deputy Initials: | |
|---|---|---|

## STATEMENT

The Court notes that at this juncture, this Court has not determined that all of Stoller's actions are frivolous and without merit. Upon review of the numerous appeals filed to date; however, this Court's review does reveal that Stoller's has a penchant from following the procedural guidelines for bankruptcy appeals and that Stoller incessantly files appeals whenever he disagrees with the bankruptcy court's filings. In its order, this Court took the effort to forewarn Stoller of the consequences if this Court did find that his actions were in fact in violation of Fed. Rule Civ. Pro. 11. With respect to the instant filing and the appeal set forth by Stoller, this Court has considered the materials presented to the Court by all parties. Upon review, this Court has found no manifest error of law or fact. Nor, has Stoller presented any new evidence that warrants reconsideration. Stoller cites no legal authority in support of his position that this Court's ruling will cause him irreparable harm or is clearly prejudicial. Stoller's motion for reconsideration is an attempt to expand or rehash earlier arguments considered previously. Therefore, this Court denies Stoller's motion for reconsideration.

Additionally, the Court notes that on March 8, 2007 the Executive Committee entered an Order enjoining Stoller from filing any civil action or proceeding without first obtaining leave from the Committee. Subsequent to the Executive Committee's Order Stoller has continued to file several appeals from 05 B 64075 without obtaining leave, which this Court determines is in contravention of the Committee's Order. Indeed, Stoller has filed several appeals after notice of that Order: appeal 07 C 2223 filed April 23, 2207; appeal 07 C 3322 filed June 13, 2007; appeal 07 C 3347 filed June 14, 2007; appeal 07 C 3637 filed June 28, 2007. As set forth in the Executive Committee's Order Stoller is precluded from filing any action or proceeding without leave from the Executive Committee. Stoller has failed to seek leave from the Executive Committee prior to the filing of his current appeals. Accordingly, this Court will forward these appeals to the Executive Committee. This Court orders that Stoller act in accordance with the Executive Committee's Order forthwith or he may be subject to appropriate sanctions.